IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARTHA WILLETTA SOLOMON,        §
                                §
            Plaintiff,          §
                                §
V.                              §        No. 3:25-cv-3507-E-BN
                                §
RASHAWD SOLOMON, ET AL.,        §
                                §
            Defendants.         §

**MEMORANDUM OPINION AND ORDER CONCERNING
SUBJECT-MATTER JURISDICTION**

After *pro se* Plaintiff Martha Willetta Solomon filed an amended petition [Dkt. No. 1-6] and motion to strike [Dkt. No. 1-7] in state court, Defendant HomeLoanServ Inc. ("HLS") removed this lawsuit under 28 U.S.C. §§ 1331, 1441, and 1446. *See* Dkt. No. 3.

United States District Judge Ada Brown referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the notice of removal and the attached state court record, the undersigned questions whether there is subject-matter jurisdiction under Section 1331 and enters this memorandum opinion and order to set out those concerns and to allow HLS an opportunity to respond (and, if it does so, to allow Solomon an opportunity to reply).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Applicable to HLS's removal, subject-matter jurisdiction under Section 1331 typically "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

Under Section 1331, "when a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior [United States] Supreme Court decision." *Copeland v. E*Trade Cap. Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732, at *2 (5th Cir. Jan. 10, 2025) (per curiam) (cleaned up; quoting *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977))).

Section 1331, as an "independent basis of subject matter jurisdiction," then

allows for supplemental jurisdiction under 28 U.S.C. § 1367 for purely state law claims. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

HLS alleges that, since filing this lawsuit on November 19, 2025, *see* Dkt. No. 1, ¶ 1, Solomon

> has filed numerous other filings, including but not limited to a Verified Amended Petition to Quiet Title, Declaratory Relief, Temporary Restraining Order, and Equitable Tender ("Amended Petition") on December 15, 2025, and a Motion to Strike Foreclosure and All Related Instruments and its Supplemental Affidavit in Support of Plaintiff's Motion to Strike and Notice of Jurisdictional Challenge (the "Motion to Strike"). In the Amended Petition, Plaintiff again asserts fraud-based claims and seeks injunctive relief and to quiet title in her name. In the Motion to Strike, Plaintiff clarifies that her request for injunctive relief is based on alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA") by HLS, and others. *See* Motion to Strike at 8 ("These failures constitute administrative defaults and create federal questions 12 U.S.C. § 503, 15 U.S.C. § 1692, 12 U.S.C. § 2605(f), and Public Law 101-73 (FIRREA)."); 10 ("Plaintiff has shown probable right to recovery under RESPA, TILA, FIRREA, and common law fraud."). Indeed, Plaintiff admits that HLS's purported violations of these statutes "create federal questions." *Id.* at 8.

*Id.*, ¶ 2 (cleaned up); *see also generally* Dkt. No. 1-6 (amend pet.) & Dkt. No. 1-7 (motion to strike).

So, according to HLS, removal is proper "because the Amended Petition and Motion to Strike constitute 'other paper' under [28] U.S.C. § 1446(b) from which Defendant first ascertained that the case is one which has become removable." Dkt. No. 1, ¶ 6.

"Under 28 U.S.C. § 1446(b)(3), where the original complaint is not initially

removable, a defendant may later remove the case to federal court after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Nieto v. Lantana Cmty. Ass'n, Inc.*, No. 4:19-CV-00239, 2019 WL 3502794, at *5 (E.D. Tex. Aug. 1, 2019).

> Generally, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established. In these diversity cases, a plaintiff will typically bring a state-law claim against a diverse party in state court but will not allege an amount in controversy in the complaint. Then, some "other paper" will enable the defendant to ascertain the amount in controversy, establishing federal diversity jurisdiction under 28 U.S.C. § 1332. In these cases, the other paper provides new information – not contained in the complaint – that enables the defendant to ascertain that the case is one which is or has become removable under § 1446(b)(3). When the defendant receives this other paper, the 30-day removal clock begins.

*Id.* (cleaned up).

But HLS did not remove this case based on diversity.

Instead, the propriety of its removal turns on the existence of a well-pleaded complaint that establishes some substantial, disputed question of federal law.

And, "for removal based on 'other paper' to be proper and consistent with the well-pleaded complaint rule, the 'other paper' cannot be used to interject a new federal claim, but instead must be used to clarify that the plaintiff's existing claims are federal in nature." *Strikes for Kids v. Nat'l Football League*, No. 3:17-cv-18-B, 2017 WL 2265534, at *3 (N.D. Tex. May 24, 2017) (citing *Eggert v. Britton*, 223 F. App'x 394, 397-98 (5th Cir. 2007) (per curiam)); *accord Nieto*, 2019 WL 3502794, at *5 ("Due to the well-pleaded complaint rule, the § 1446(b)(3) analysis is different when courts look to 'other paper' to clarify whether federal question jurisdiction has

been established. [Because] the well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Therefore, other paper providing new information – not contained in the complaint – cannot enable a defendant to ascertain that the case is one which is or has become removable for the purposes of establishing federal question jurisdiction under § 1331, because the new information is not found on the face of the plaintiff's well-pleaded complaint." (cleaned up)).

The undersigned's examination of the amended petition [Dkt. No. 1-6] and the motion to strike [Dkt. No. 1-7] confirms that, consistent with its notice of removal, HLS ascertained that this lawsuit was removable through language that appears only in the motion to strike.

And, so, because that language is not found on the face of a well-pleaded complaint, this case was not removable under Sections 1331, 1441, and 1446.

HLS may argue that, as a *pro se* plaintiff, Solomon's filings should be liberally construed, which is true enough. But that rule of liberal construction should not be weaponized against *pro se* plaintiffs to deprive them of their venue of choice – especially here, where the record reflects that Solomon filed the amended petition on December 15 and separately filed the motion to strike the next day. *Compare* Dkt. No. 1-6 at 2, *with* Dkt. No. 1-7 at 2.

Based on this analysis, then, this lawsuit should be *sua sponte* remanded to state court for lack of subject-matter jurisdiction: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c); *accord Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

But the Court will allow HLS, as the party invoking federal subject-matter jurisdiction through removal, an opportunity to respond to this order before the undersigned makes a recommendation to Judge Brown. *Cf. St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

HLS must file its written response to show why this case should not be remanded for lack of subject-matter jurisdiction by **January 7, 2026**.

And, if HLS files a response, Solomon may file a reply by **January 14, 2026**.

Relatedly, federal district courts routinely allow *pro se* litigants an opportunity to amend their pleadings after removal. *See Plamquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024) ("[A] plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought. Otherwise, where there are potentially diverse parties, plaintiffs would essentially have to plead the federal pleading standard in state court for fear of having their claims against non-diverse parties thrown out upon reaching federal courts for failing to comply with the demands of [Federal Rule of Civil Procedure] 12(b)(6)." (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit such an amendment." (citing *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d

1017, 1021 (9th Cir. 2013))))).

And, earlier this year, the United States Supreme Court reinforced the adage that a plaintiff is the master of her complaint by explicitly holding that a plaintiff may amend her complaint after removal to eliminate the federal cause of action on which the Court's subject-matter jurisdiction is based and trigger a probable remand to state court. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43-44 (2025) ("The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court."); *see, e.g.*, *Joel v. Howard Univ.*, Civ. A. No. 24-1655 (LLA), 2025 WL 358769, at *2 (D.D.C. Jan. 31, 2025) ("Here, Ms. Joel has abandoned her claims arising under federal law, which were the basis for Howard University's removal to this court…. Accordingly, the court must remand this case to the Superior Court.").

SO ORDERED.

DATED: December 24, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE